**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **BOILERMAKER-BLACKSMITH NATIONAL** ) | |
| **PENSION FUND, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 10-2681-KHV** |
| **HUDSON BOILER & TANK COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Plaintiffs, which are employee benefit plans and their fiduciaries, bring suit against

Hudson Boiler & Tank Company under §§ 502 and 515 of the Employee Retirement Income

Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145 to collect fringe benefit

contributions which defendant owes the plans under the terms of a collective bargaining

agreement with the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths,

Forgers and Helpers, AFL-CIO.  This matter comes before the Court on plaintiffs' Motion For

Default Judgment (Doc. #9) filed June 10, 2011.  For reasons stated below, the Court sustains

plaintiffs' motion in part.

A default judgment must not differ in kind from, or exceed in amount, what plaintiffs

demanded in the pleadings.  Fed. R. Civ. P. 54(c).  The Court may enter default judgment

without a hearing unless it is necessary to conduct an accounting, determine the amount of

damages, establish the truth of any allegation by evidence or investigate any other matter.  See

Fed. R. Civ. P. 55(b)(2); see also Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir.

1985) (where claimed damages are capable of mathematical calculation, court may enter default

judgment without hearing).

On December 16, 2010, plaintiffs filed their complaint. Plaintiffs served defendant on December 22, 2010.  Defendant did not appear or defend, and the Clerk entered default against it on April 15, 2011.  Defendant has not appeared personally or by a representative and has not responded to plaintiffs' complaint.  Plaintiffs now seek default judgment as follows:

| | |
|---|---|
| Contributions: | $14,186.42 |
| Liquidated Damages: | $28,152.95 |
| Interest as of 06/07/2011 | $10,150.86 |
| Costs: | $     720.43 |
| Attorney's fees: | $  5,335.50 |
| **TOTAL:** | **$58,546.16** |

## I.      Delinquent Contributions

In the complaint, plaintiffs seek $14,009.96 in delinquent contributions for the months of July, August and September of 2006; December of 2009; and June, August, September and October of 2010.  In the motion for default judgment, plaintiffs seek $14,186.42, which includes the original amount requested plus delinquent contributions for December of 2010 (which purportedly became due and owing after plaintiffs filed this lawsuit).  In the complaint, plaintiffs request a sum certain: $14,009.96.  They did not request future damages that might accrue during the pendency of the lawsuit.  The Court cannot award a default judgment which exceeds the amount demanded in the pleadings.  Fed. R. Civ. P. 54(c).  Therefore, the Court awards $14,009.96 in delinquent contributions as demanded in the complaint.

## II.     Liquidated Damages

In the complaint, plaintiffs seek $11,214.85 in liquidated damages, which represents 12 per cent of the delinquent contributions for July, August and September of 2006; December of

2009; and March, April, May, June, July, August, September and October of 2010.  In the motion for default judgment, plaintiffs seek $28,152.95 in liquidated damages.  Again, the Court cannot award a default judgment which exceeds the amount demanded in the pleadings.  Fed. R. Civ. P. 54(c).  Therefore, the Court awards $11,214.85 in liquidated damages as demanded in the complaint.

**III.     Interest**

In the complaint, plaintiff seeks $6,575.96 in accrued interest and additional interest that accrues until final judgment.  In the motion for default judgment, plaintiff seeks $10,150.86 in accrued interest.  As explained above, the Court cannot award a default judgment which exceeds the amount demanded in the pleadings.  Fed. R. Civ. P. 54(c).  In the complaint, plaintiffs sought interest during the pendency of this action.  Accordingly, the Court awards plaintiffs $2,613.76 in interest which has accrued since plaintiffs filed their complaint.[1]  The Court awards a total of $9,189.72 in accrued interest ($6,575.96 as of the filing of the complaint plus $2,613.76 in interest accrued during pendency of this action).

**IV.     Costs And Attorney Fees**

In the complaint, plaintiffs seek costs and attorney fees based on a provision in the collective bargaining agreement.  Plaintiffs have submitted an affidavit which supports an award of costs in the amount of $720.43 and attorney fees in the amount of $5,335.50.  The Court therefore awards those amounts as part of the default judgment.

**IT IS THEREFORE ORDERED** that plaintiffs' <u>Motion For Default Judgment</u> (Doc. #9) filed June 10, 2011 be and hereby is **SUSTAINED in part**.  The Court awards default

---

[1]        The Court has calculated interest from the filing of the complaint through the date of judgment at the contract rate of 12 per cent per annum.

judgment in favor of plaintiffs in the total amount of $40,470.46.  The Clerk is directed to enter

default judgment in that amount.

Dated this 23rd day of August, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge